IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HAYDEN GRIFFITH,

    Plaintiff,

vs.

CANEY VALLEY PUBLIC SCHOOLS, et al.,

    Defendants.

Case No.15-CV-273-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff's Motion for Preliminary Injunction or Permanent Injunction, [Dkt. 3], is before the undersigned United States Magistrate Judge for Report and Recommendation. The matter was heard on an expedited basis on May 19, 2015. The undersigned RECOMMENDS that Plaintiff's motion be denied.

## Background

Plaintiff is a high school student at Caney Valley High School. She is scheduled to participate in a graduation ceremony on Thursday, May 21, 2015. Plaintiff is a member of the Delaware Tribe and the Cherokee Nation. She seeks to affix an eagle feather, which she holds sacred and representative of her religious beliefs, to her graduation cap during her participation in the graduation ceremony. Caney Valley Public Schools (School) prohibit all students from decorating their graduation caps.

Plaintiff states that the eagle feather was ceremonially gifted to her for the specific occasion of her graduation ceremony in recognition of the great honor of graduating from high school. Plaintiff seeks a preliminary injunction prohibiting Caney Valley Public Schools from enforcing the no cap decoration policy with respect to her request to affix an eagle feather to her cap. Plaintiff argues that the policy as applied to the eagle feather violates

her right to free exercise of religion and expression under the First and Fourteenth Amendments to the United States Constitution and further violates the Oklahoma Religious Freedom Act.

## Discussion

### Injunction Requirements

The right to a preliminary injunction must be clear and unequivocal. *Dominion Video Satellite, Inc., v. Echostar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001). To obtain an extraordinary equitable remedy, such as a preliminary injunction, the party requesting the extraordinary remedy bears the burden of showing: 1) a substantial likelihood of prevailing on the merits; 2) irreparable harm unless the injunction is issued; 3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and 4) the injunction, if issued, will not adversely affect the public interest. *Fed. Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999).

Three types of preliminary injunctions are specifically disfavored: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. For these categories of disfavored preliminary injunctions, "the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (quoting *Dominion Video*, 269 F.3d at 1154-55). Granting Plaintiff's

request for a preliminary injunction would involve each of these categories, therefore the heightened burden applies.

Likelihood of Success on the Merits

The Supreme Court has recognized that judicial interference in the operation of public schools requires "care and restraint." *Epperson v. State of Ark.,* 393 U.S. 97, 104, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968). "Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." *Id.*

Free Exercise of Religion Claim[1]

Plaintiff argues that the School's refusal to let her adorn her graduation cap with an eagle feather which she holds to be sacred and a fundamental part of her Native American religious beliefs violates her right to free exercise of her religion.

The First Amendment to the United States Constitution states that "Congress shall make no law ... prohibiting the free exercise [of religion]." "While the First Amendment provides absolute protection to religious thoughts and beliefs, the [F]ree [E]xercise [C]lause does not prohibit governments from validly regulating religious conduct." *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 649 (10th Cir.2006) (citing *Reynolds v. United States,* 98 U.S. 145, 164, 25 L.Ed. 244 (1878)). "Neutral rules of general applicability normally do not raise free exercise concerns even if they incidentally burden a particular religious practice or belief." *Id.* (citing *Employment Div. v. Smith*, 494 U.S. 872, 879, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) (stating that the Free Exercise Clause "does

---

[1] There is no dispute that the School is a government entity to which the First Amendment applies by way of the Fourteenth Amendment. The undersigned will not discuss that point.

not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)" (internal quotation omitted)). "Thus, a law that is both neutral and generally applicable need only be rationally related to a legitimate governmental interest to survive a constitutional challenge." *Id*. *See also Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1233 (10th Cir. 2009).

The undersigned finds that the School's policy of prohibiting any decoration of graduation caps is a neutral policy of general applicability and therefore it need only be rationally related to a legitimate school interest to survive Plaintiff's challenge.

The School demonstrated that the graduation ceremony is a formal ceremony and that the unity of the graduating class as a whole is fostered by the uniformity of the caps which are the most prominently visible part of the graduation regalia viewed by the audience to the graduation. Prohibiting decoration of any graduation cap by any student for any purpose serves these legitimate interests. Based on the application of these established principles the undersigned finds that Plaintiff has not demonstrated a substantial likelihood of success on her First Amendment Free Exercise of Religion claim.

## Freedom of Speech Claim

The First Amendment's free speech clause states that "Congress shall make no law ... abridging the freedom of speech." Supreme Court cases make clear that students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Independent Community School District,* 393 U.S. 503, 506, 89 S.Ct. 733, 21 L.Ed.2d 592 (1969). However, the Court has held that "the constitutional rights of students in public school are not automatically coextensive with the rights of adults

in other settings," *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 682, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986), and that the rights of students "must be 'applied in light of the special characteristics of the school environment.'" *Hazelwood School District v. Kuhlmeier*, 484 U.S.260, 266, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988) (quoting *Tinker*, 393 U.S. at 506, 89 S.Ct. 733).

In *Bear v. Fleming*, 714 F.Supp.2d 972 (D.SD 2010), the Court applied these principles in a case similar to the one at bar. The undersigned finds the *Bear* case to be instructive and well reasoned. Its rationale, summarized herein, is applicable to the instant case. In *Bear* a student sought an injunction to require the school to permit him to wear traditional Lakota clothing and regalia instead of the traditional cap and gown required by the school for the graduation ceremony. The court recognized that the First Amendment protects not only verbal and written expression but also symbols and conduct that constitute symbolic speech. The Court found that Mr. Dreaming Bear's desire to wear Lakota clothing and regalia constituted such protected speech. However, the Court determined that the graduation was a school-sponsored event and the students' speech, including Mr. Dreaming Bear's intended clothing, was school-sponsored speech. As such, the graduation exercises were not a public forum open to public expression of speech. Speech occurring during such a school-sponsored event might reasonable be perceived to bear the imprimatur of the school.

The Court found, therefore, that the school board had a legitimate interest in ensuring that the graduation convey to those present messages that advance the mission and goals of the school. The Court recognized that graduation proceedings celebrate the school's achievement as an institution of learning as well as the academic achievements

5

of the students. Accordingly, the Court found that the school board had an interest in the graduation exercises and the message delivered. The Court found that the school board's cap and gown policy was reasonably related to its legitimate interest in controlling the content of the graduation exercises. As a result, the Court found that it was unlikely that Mr. Dreaming Bear would succeed on the merits of this First Amendment Free Speech claim.

For the reasons articulated by the Court in the *Bear* case, the undersigned finds that, to the extent Plaintiff in this case asserts that adorning her graduation cap with an eagle feather constitutes speech, she is unlikely to succeed on the merits of that claim. *See also*, *Corder v. Lewis Palmer School District*, 566 F.3d 1219, 1225-1230 (10th Cir. 2009) (finding school had a legitimate interest in the unwritten policy of reviewing valedictory speeches prior to the graduation ceremony and the First Amendment was not violated by such review).

**Oklahoma Religious Freedom Act Claim**

The Oklahoma Religious Freedom Act, (ORFA), 51 Okla.Stat. § 253 provides:

> A. Except as provided in subsection B of this section, no governmental entity shall substantially burden a person's free exercise of religion even if the burden results from a rule of general applicability.
>
> B. No governmental entity shall substantially burden a person's free exercise of religion unless it demonstrates that application of the burden to the person is:
>
> > 1. Essential to further a compelling governmental interest; and
> > 2. The least restrictive means of furthering that compelling governmental interest.

6

The Oklahoma Court of Civil Appeals construed this statute in *Steele v. Guilfoyle*, 76 P.3d 99 (Ok. Civ. App. 2003). There the Court stated that under ORFA a plaintiff must make an initial prima facie showing of a substantial burden on the plaintiff's free exercise of religion before any burden of persuasion shifts to the defendant. The Court also stated "[a] government regulation does not substantially burden religious activity when it merely has an incidental effect that makes it more difficult to practice the religion." *Id.* at 102 (quoting *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450-51, 108 S.Ct. 1319, 1326, 99 L.Ed.2d 534 (1988)).

In the *Steele* case the Oklahoma Court endorsed the following as placing a substantial burden on the capacity to exercise or express beliefs or faith: inhibiting or constraining conduct or expression that manifests some central tenant of the individual's beliefs; meaningfully curtailing the ability to express adherence to the individual's faith; and denying reasonable opportunities to engage in those activities that are fundamental to a person's religion. *Steele*, 76 P.3d at 102. Although the Oklahoma Court was addressing a prisoner's exercise of his religion, the list is instructive in that it outlines the types of things that will substantially burden a person's free exercise of religion.

In the present case, Plaintiff testified that her religion does not require her to wear the eagle feather at graduation and the failure to wear the feather will not result in any religious detriment to her. The School's policy does not infringe on Plaintiff's ability to wear the eagle feather in any other setting. Further, the School Superintendent testified that Plaintiff could wear the eagle feather on her cap up to the point she enters the graduation ceremony and affix it to the cap afterwards. He also offered to repose for the professional photographer with Plaintiff wearing her eagle feather after the ceremony. The undersigned

7

finds that Plaintiff has not demonstrated that the inability to affix an eagle feather to her graduation cap during the graduation ceremony places a substantial burden on her free exercise of religion.

The undersigned finds that Plaintiff has not demonstrated the likelihood of success on the merits on her ORFA claim.

## Irreparable Harm

The undersigned finds that, having failed to demonstrate a violation of her First Amendment Rights or a violation of the ORFA, Plaintiff will not suffer irreparable harm if an injunction is not issued.

## Threatened Injury vs. Harm Caused by Injunction

This factor weighs in favor of the School because Plaintiff has not demonstrated she will suffer a cognizable constitutional or legal harm.

Public Interest

The public interest weighs heavily in favor of the ability of the School to control the uniformity and formality of the graduation ceremony for all students.

## **Conclusion**

The undersigned United States Magistrate Judge finds that Plaintiff has not satisfied the burden of showing that the traditional four factors considered in connection with preliminary injunctions weigh heavily and compellingly in her favor. The undersigned therefore RECOMMENDS that Plaintiff's Motion for Preliminary Injunction or Permanent Injunction, [Dkt. 3], be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. **At the hearing the parties agreed that such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before 11:00 a.m. on May 20, 2015. Any response to the objection must be filed on or before 1:00 p.m. on May 20, 2015.**

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 19th day of May, 2015.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE